UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT F. KEESE III<br>  Plaintiff<br><br>v.<br><br>M/V *PANORMOS*, her engines, tackle, machinery, appurtenances, apparel and freight, etc., *in rem*, and MARMARAS NAVIGATION, LTD., *in personam*,<br>  Defendants | 05-10343-GAO<br><br>CIVIL ACTION NO.<br><br>MAGISTRATE JUDGE _____ |

**COMPLAINT IN ADMIRALTY**

The plaintiff, Robert F. Keese III (the "Plaintiff" or "Keese" or the "Owner"), files this Complaint against the M.V. *Panormos*, together with her freights, engines, masts, rigging, tackle, machinery, appurtenances, apparel, accessories and additions, improvements and replacements now or hereafter belonging thereto, whether or not removed therefrom (all of which shall be deemed to be included in the term "Vessel," or "defendant vessel" or "*Panormos*"), *in rem*, to foreclose his maritime lien for collision damage and loss of income, etc., and against Marmaras Navigation, Ltd. ("Marmaras") *in personam*, for the same damages.

**PARTIES AND JURISDICTION**

1. Plaintiff, Robert F. Keese III is an individual with a place of residence at 24 Barn Hill Road, Chatham, Massachusetts, within this district. At all times pertinent to this action, he was and is the owner of the Fishing Vessel *Rebecca Nicole* (Official Number MS1989RK). The *Rebecca Nicole*, which fishes out of Chatham, Massachusetts, was the victim of the collision described below, and promptly returned to Chatham after the events in issue.

2. Defendant Motor Vessel *Panormos* is a commercial cargo vessel, registered in Cyprus, of approximately 613.6 feet in length, with a registered gross tonnage of 22,450 tons, a radio call sign of P3US6, and an official number of 8103303. Allegations against the Vessel *in*

*rem* embrace the other equipment and appurtenances (as further detailed above) to which plaintiff's maritime tort lien extends. On information and belief, the defendant vessel will either be within this District during the pendency of this action, or else an appearance and Claim of Owner will be filed on her behalf and on behalf of her owners, all pursuant to a written agreement as more fully set forth below.

3. Upon information and belief, Defendant Marmaras Navigation Ltd. was and is a corporation or other business entity with an office and place of business at Okeanion Building, 4-6 Filellinon Street, Piraeus, Greece 18 5 36. Upon information and belief, Marmaras Navigation Ltd. was and is the owner and/or operator of the M/V *Panormos* (identified above) at all times pertinent.

4. This is an admiralty and maritime claim within the meaning of Rule 9(h) Federal Rules of Civil Procedure, alleging a maritime tort in the form of a collision at sea.

5. With respect to the M/V *Panormos*, this is a Complaint *in rem* with a prayer for process of arrest of the vessel pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

6. Jurisdiction is founded, *inter alia*, upon 28 U.S.C. §1333 and upon the general maritime law.

### EVENTS

7. On or about February 20, 2003, the F/V *Rebecca Nicole* and the M/V *Panormos* were in the waters of the Atlantic Ocean, east of Cape Cod, near Chatham, Massachusetts.

8. At or about 1537 (3:37 pm) on February 20, 2003, M/V *Panormos* entered the northern end of the southbound lane of the officially-charted Traffic Separation Zone that runs

along the eastern side of Cape Cod, at position 42 degrees, 7 minutes North Latitude and 69 Degrees, 55.5 minutes West Longitude.

9. At or about 2310 (11:10 pm) on February 20, 2003, M/V *Panormos* departed the southern end of southbound lane of the aforesaid charted Traffic Separation Lane, at position 40 degrees, 43.5 minutes North Latitude and 68 Degrees, 59 minutes West Longitude.

10. The times and positions in the foregoing two paragraphs were recorded in the log of the *Panormos*. Exhibit A is a true and correct copy of the page of the log of the *Panormos* in which the aforesaid data was recorded.

11. At about 1815 (6:15 pm) on February 20, 2003, the *Panormos* collided with the *Rebecca Nicole* in the general vicinity of Pollock Rip, east of Chatham.

12. The *Panormos* took no evasive action whatsoever before the impact with the *Rebecca Nicole*.

13. The *Panormos* had the capability to alter her course to avoid impact with the *Rebecca Nicole*.

14. The *Panormos* had the capability of diminishing her speed to avoid impact with the *Rebecca Nicole*.

15. It would not have been unsafe for the *Panormos* to alter her course so as to avoid the *Rebecca Nicole* by a wide margin.

16. It would not have been unsafe for the *Panormos* to diminish her speed so as to avoid the *Rebecca Nicole* by a wide margin.

17. *Rebecca Nicole* had suffered an engine breakdown, which was only restored to service immediately before the impact.

18.  *Rebecca Nicole* was therefore unable to maneuver out of the way as the *Panormos* unwaveringly bore down upon her.

19.  Before the impact, *Rebecca Nicole* made at least two radio calls on VHF-FM radio Channel 16, in an attempt to alert the *Panormos* to avoid running her down. The *Panormos* made no reply whatsoever to these radio hails, nor did it undertake or participate in any communications with *Rebecca Nicole* at any time.

20.  After the impact, *Panormos* did not stop or render assistance to *Rebecca Nicole*.

21.  Paint samples taken from portions of the *Rebecca Nicole* were analyzed by the FBI Lab in Quantico, Virginia, and found to match paint from the hull of the *Panormos*.

22.  Exhibit 2 is a true and accurate copy of the FBI lab report setting forth the aforesaid match.

23.  There were no other large vessels in the vicinity at the time in question.

24.  Exhibit 3 is a true and accurate copy of the text of a statement of the officer in charge of the navigating watch aboard *Panormos* during the time period of the collision, declaring the absence of any other large vessels in the vicinity at the time.

25.  The *Panormos* and her crew failed to detect the *Rebecca Nicole*.

26.  The aforesaid failure substantially contributed to the collision between the two vessels.

27.  The *Panormos* and her crew failed to use all available means to determine if risk of collision existed. .

28.  The aforesaid failure substantially contributed to the collision between the two vessels.

29.  The *Panormos* and her crew failed to take appropriate action to avoid collision.

4

30. The aforesaid failure substantially contributed to the collision between the two vessels.

31. The aforementioned collision resulted solely because of the fault of the M/V *Panormos* and her crew.

32. The collision and the damages resulting from the collision were not caused by or contributed to by any fault or negligence on the part of the plaintiff, the F/V *Rebecca Nicole* or any persons on board the F/V *Rebecca Nicole*.

33. By reason of the foregoing, defendant is liable to the plaintiff in damages in an amount of not less than $150,000.00, plus interest, costs and attorneys' fees.

34. Exhibit 4 is a true and accurate copy of a Letter of Undertaking, provided to the plaintiff by the marine insurer of *Panormos*. In Exhibit 4, in exchange for the forbearance of the plaintiff from arresting and detaining the *Panormos* from pursuing her trade following the collision, the aforesaid insurer agreed (1) to submit the adjudication of plaintiff's *in rem* dispute against *Panormos* to the jurisdiction of this honorable Court; and (2) under certain conditions, to satisfy judgment in favor of the plaintiff arising out of the aforesaid proceedings.

35. All conditions precedent to the instituting of this action have been satisfied.

### RELIEF SOUGHT

WHEREFORE the Plaintiff prays for orders as described below and demands judgment in his favor as follows:

(a) That an *in rem* warrant issue for the arrest of the vessel *Panormos*, her engines, machinery, equipment, etc., citing all persons claiming an interest therein to appear and answer this Complaint;

(b)  That judgment *in rem* and *in personam* be rendered in favor of the plaintiff against the defendants for all sums demanded herein, plus interest, costs and attorneys' fees, or in such greater amount as may later be made to appear at trial or hearing; and

(c)  That plaintiff may have such other and further relief as the justice of his cause may require.

Dated:  February 22, 2005

                                              **ROBERT F. KEESE III**
By his attorneys,

*/s/ Michael Rauworth*
Michael J. Rauworth, BBO# 547711
**CETRULO & CAPONE LLP**
World Trade Center East — 10th Floor
Two Seaport Lane
Boston, Massachusetts 02210
Tel: (617) 217-5219; fax: 617-217-5200

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Robert F. Keese III v. M/V PANORMOS__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Michael J. Rauworth__
ADDRESS __CETRULO & CAPONE LLP; Two Seaport Lane, Boston, MA  02210__
TELEPHONE NO. __(617) 217-5219__

(Coversheetlocal.wpd - 10/17/02)

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robert F. Keese III

### DEFENDANTS
M/V PANORMOS, her engines, etc.; in rem; and Marmaris Navigation, Ltd.; in personam

(b) County of Residence of First Listed Plaintiff  **Barnstable**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **N/A**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael J. Rauworth, Esq., Cetrulo & Capone LLP;
Two Seaport Lane; Boston, MA 02210 Tel. 217-5219

Attorneys (If Known)  believed to be: John J. Finn, Esq., Finn & Finn; 2 Hayden Rowe; Hopkinton, MA 01748

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **N/A; General Maritime Law**
Brief description of cause: **Collision at Sea**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **150,000**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE **N/A** DOCKET NUMBER

DATE **02/22/2005** SIGNATURE OF ATTORNEY OF RECORD *Michael Rauworth*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

CERTIFIED TO BE A TRUE COPY
SIGNATURE ▮▮▮▮▮   Investigating Officer
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮   2FEB03

At PORTSMOUTH BERTH No.1                     Date 20th FEBRUARY 2003 THURSDAY

REMARKS  ZT - GMT - 5HRS

0001 - VSL IN THE SAME POSITION, ALL'S WELL.

0810 - AGENT O/B
0825 - P.O.B. / M/E PROPULSION AHEAD & ASTERN TESTED IN GOOD WORKING CONDITION
0830 - S.B.E. / ONE TUG IN MIDSHIP (MARY M. COEDGE) AGENT LEFT.
0900 - LAST LINE CAST OFF / START H'UP ANCHOR
0910 - ANCHOR'S UP / 0945 - PASSING BRIDGE / 1020 - PILOT OFF
1100 - FULL AWAY / 1142 - IN POSN: LAT 42-54N λ 070-39.1W A/C TO 165°(T) 173°(M)
1200 - P'ly CLOUDY SKIES, LIGHT BREEZE, SLIGHT SEAS, GOOD VIS, CHANGE WATCH AS PER
BCL No.8 / 3RD MATE & 2ND MATE CONTINUE OC HRS DUTY.

ENGINE PERFORMANCE

| DISTANCE BY ENGINE | SPEED BY ENGINE | AVERAGE R.P.M. | AVERAGE SLIP (PERCENT) | FUEL OIL CONSUMED (BARRELS) | FUEL OIL ON HAND (BARRELS) | FRESH WATER CONSUMED (TONS) | FRESH WATER ON HAND (TONS) | BOILERS IN USE | TOTAL AVERAGE SLIP (PERCENT) | TOTAL DISTANCE BY ENGINE | REVENUE STEAMER |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  |  |  |

1205 - BCL No.2 CONDUCTED, ALL'S WELL.

1537 - IN POSN: LAT - 42-07N λ - 069.55.5W A/C TO 154°(T) 164°(M)

1800 - P'ly CLOUDY SKIES, MOD. BREEZE & SEAS, GOOD VIS. CHANGE WATCH AS PER BCL No.8

2310 - IN POSN: LAT 40-43.5N λ - 068-59W A/C TO 180°(T) 210°(M)
2400 - P'ly CLOUDY SKIES, MOD. BREEZE & SEAS, GOOD VIS, SW'ly SWELL OF 1-2 MTRS
CHANGE WATCH AS PER BCL No.8 / FIRE PATROL CARRIED OUT, ALL'S WELL.

| BALLAST TANKS PORT, CENTER, STARBOARD | | | | REFRIGERATION (CARGO) | | | DRAFT OF VESSEL |
|---|---|---|---|---|---|---|---|
| WK | LAST FILLED | INCHES | TONS | COMPARTMENT | TEMPERATURE | | Sailing: 6-45m Forward 7-17m A |
|  |  |  |  |  |  |  | Arriving: _____ Forward _____ A |
| 1 |  |  |  |  |  |  | Mean _____ |
| 2 |  |  |  |  |  |  | A.M. — Forward _____ Aft _____ Mean _____ |
| 3 |  |  |  |  |  |  | P.M. — Forward _____ Aft _____ Mean _____ |
| 4 |  |  |  |  |  |  | FUEL OIL AND WATER |
| 5 |  |  |  |  |  |  | Sailing: Brls. Fuel Oil _____ Water, Tons _____ |
| 6 |  |  |  |  |  |  | Arriving: Brls. Fuel Oil _____ Water, Tons _____ |
| 7 |  |  |  |  |  |  | Received: Brls. Fuel Oil _____ Water, Tons _____ |
| 8 |  |  |  |  |  |  |  |
| 9 |  |  |  |  |  |  |  |
| 10 |  |  |  |  |  |  | Chief Mate |
| 11 |  |  |  |  |  |  |  |
| 12 |  |  |  |  |  |  | Master |

7-1 (Rev. 5-12-99)

# FBI
## LABORATORY
## FEDERAL BUREAU OF INVESTIGATION
## WASHINGTON, D. C. 20535

Date: August 15, 2003

To: ▮

Chief Warrant Officer
U. S. Department of Transportation
United States Coast Guard
Marine Safety Office Providence
20 Risho Avenue
East Providence, Rhode Island 02914

Case ID No: 95B-HQ-1419986

Lab No: 030312004 VJ NO

Reference: Communication dated March 11, 2003

Your No: 16730/1755562

Title:
M/V PANORMOS,
F/V REBECCA NICOLE - VICTIM;
COLLISION WITH UNIDENTIFIED SHIP

Date specimens received: March 12, 2003

The items listed below were examined in the Chemistry Unit.

| | |
|---|---|
| Q1 | Paint sample from the port outrig of the F/V REBECCA NICOLE (MS 1989RK, sample # 1) |
| Q2 | Portion of the stem from the F/V REBECCA NICOLE (MS 1989RK, sample # 2) |
| Q3 | Paint sample from the outrig support of the F/V REBECCA NICOLE (MS 1989RK, sample # 3) |
| Q4 | Paint sample from the M/V PANORMOS (8103303, sample # 1) |

This report contains the results of the requested paint examinations.

Page 1 of 2

This Report is Furnished for Official Use Only

**Results of Examinations:**

Q1 through Q3, reportedly from the F/V REBECCA NICOLE, were examined for the presence of paint. Multilayer paint chips recovered from Q1 and Q3 were compared with Q4, paint chips consisting of 15 or more layers of paint, reportedly from the M/V PANORMOS.

Based upon the comparative examinations conducted, the top six layers of an eight layer paint chip recovered from Q3 are consistent in color, texture, sequence of layers and general chemical composition with the corresponding top six layers of Q4. Furthermore, all of the layers of a three layer paint chip recovered from Q3 are consistent in color, texture, sequence of layers and general chemical composition with the corresponding top three layers of Q4. Therefore, the paint chips recovered from Q3 originated from the same source as Q4 or from a source painted in a similar fashion.

Additionally, all of the layers of a three layer paint chip recovered from Q1 are consistent in color, texture, sequence of layers and general chemical composition with the corresponding top three layers of Q4. Therefore, the Q1 paint chip originated from the same source as Q4 or from a source painted in a similar fashion.

No paint comparable to Q4 was found on Q2 or among its associated debris.

The following analytical techniques were utilized in the examination of these items: visual and microscopic examinations, Fourier transform infrared spectroscopy (FTIR), pyrolysis gas chromatography/mass spectrometry (py-GC/MS) and scanning electron microscopy with energy dispersive X-ray analysis (SEM/EDXA).

**Remarks:**

The Q1 through Q4 items are being retained in the FBI Laboratory. The final disposition will be the subject of a separate communication.

███████████████ MS
Chemistry Unit
703-632-7416

## WITNESS STATEMENT

The following statement is made voluntarily and without threat or coercion and is to assist the United States Coast Guard in its investigation.

WITNESS NAME: ███████████████

STREET ADDRESS: _____

CITY: _____ STATE: _____ ZIP: _____

PHONE: Home _____ Work SEAMAN

STATEMENT:

AT ABT 1750HRS LT, I COME UP TO THE BRIDGE FOR MY DUTY AS A NAVIGATING OFFICER TO RELIEVED 2/O AT 1800HRS LT. AT 1805HRS LT, WE FINISHED W/ TURN OVER AND SECOND OFFICER LEFT FOR REST, AT THAT TIME THERES NO TRAFFIC THAT CAN GIVE ME MORE ALERTNESS, IT WAS ALL CLEAR ON MY WAY, SOME FISHING BOATS ONLY ON MY STBD BOW AT ABOUT 10-12 MILES AWAY AND ONE TUG PUSHING AN UNLOADED BARGE OF ABT 50MTRS LONG. I DON'T SEE NO OTHER LARGE VESSEL ON MY WAY OR ON THAT AREA.

I HEARD ALSO USCG CALLING A FISHING BOAT BUT THE VOICE WERE BROKEN SO WE DON'T UNDERSTAND WHAT THEY SAYING.

THIS INFORMATION I'D MADE IS JUST TO GIVE SOME INFORMATION TO THE USCG, WHO CAME ON BOARD. HOPE THIS WILL HELP TO WHOM IT MAY CONCERN.

SIGNATURE: ███████      DATE: 28-FEB-2003

Page ( ) of ( )

# Finn & Finn

ATTORNEYS AT LAW
2 HAYDEN ROWE STREET
HOPKINTON, MASSACHUSETTS 01748

John J. Finn
Michael A. Finn
Brian M. Monahan
———◇———
Justin K. Finn
   Paralegal

Tel: (508) 497-5019
Fax: (508) 497-5190

September 20, 2004

Owners of the F/V REBECCA NICOLE
c/o Hill Rivkins & Hayden LLP
45 Broadway, Suite 1500
New York, NY 10006-3739

   Attn:   Daniel J. McInerney, Jr.

   Re:   Alleged Collision
         F/V REBECCA NICOLE and
          M/V PANORMOS
         February 20, 2003

Dear Sirs:

   We understand that you allege that the M/V PANORMOS was involved in a maritime collision with the F/V REBECCA NICOLE on February 20, 2003, in the waters off Chatham, Massachusetts, at the southeastern end of Cape Cod (the "Alleged Incident"). In consideration of your refraining from arresting the M/V PANORMOS or attaching any other property of her owners in connection with claims arising out of or in connection with the Alleged Incident, the undersigned Association hereby agrees:

   1.   To file, or cause to be filed upon your demand, an appearance and a Claim of Owner on behalf of the owners of the M/V PANORMOS in a civil action commenced by you in the United States District Court for the District of Massachusetts for damages allegedly sustained in or as a result of the Alleged Incident, and to consent to the jurisdiction of said Court.

   2.   To pay and satisfy any final judgment (after appeal, if any) as may be entered in your favor against the M/V PANORMOS or her owners in such action for damages arising out of the Alleged Incident in an amount up to but not exceeding US$150,000, or any lesser amount decreed by the Court or settled between the parties, where said settlement has been made with the approval of the undersigned Association, without final judgment being rendered.

   3.   Upon written demand, to cause to be filed a bond in form and sufficiency of surety satisfactory to you or the Court in an amount not to exceed the

Owners of the F/V REBECCA NICOLE
c/o Hill Rivkins & Hayden LLP
September 20, 2004
Page 2

amount set forth in Paragraph 2 hereof, securing your claim against the M/V PANORMOS in such action. It is understood and agreed that in the event the bond referred to in this Paragraph 3 is filed, then the undersigned Association shall be released from the obligations provided in Paragraph 2 herein.

4. It is further understood and agreed that all of the foregoing is without prejudice to any claims, rights or defenses that the M/V PANORMOS, her owners, operators, managers, and underwriters may have, none of which is to be regarded as waived, and the giving of this letter of undertaking is not to be construed as an admission of liability.

5. It is understood and agreed that the execution of this letter by John J. Finn shall not be construed as binding upon him personally nor binding upon the firm of Finn & Finn, but is to be binding only upon The United Kingdom Mutual Steam Ship Assurance Association (Bermuda) Limited.

Very truly yours,

THE UNITED KINGDOM MUTUAL
STEAM SHIP ASSURANCE
ASSOCIATION (BERMUDA) LIMITED

By: _____
     John J. Finn

(As Attorney-in-Fact for the above
limited purpose only as per written
authority received on September 20,
2004, from Thomas Miller (Americas)
Inc., General Correspondents for the
UNITED KINGDOM MUTUAL STEAM
SHIP ASSURANCE ASSOCIATION
(BERMUDA) LIMITED)