UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-10343-GAO

|  |  |
|---|---|
| ROBERT F. KEESE III, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| V. | ) |
| | ) |
| M/V *PANORMOS*, her engines, tackle, | ) |
| machinery, appurtenances, apparel and | ) |
| freight, etc., *in rem*, and MARMARAS | ) |
| NAVIGATION, LTD., *in personam*, | ) |
| | ) |
| Defendants | ) |

## ANSWER OF BANTEL SHIPPING COMPANY LTD.
## TO COMPLAINT IN ADMIRALTY

Bantel Shipping Company Ltd. ("Bantel") as owner of the vessel M/V
PANORMOS hereby responds to the numbered paragraphs of the Complaint in
Admiralty (the "Complaint") below.

The first, unnumbered, paragraph of the Complaint sets forth conclusions to
which no response is required. Insofar as a response is deemed to be required,
Bantel denies that the plaintiff has any "maritime lien for collision damage and loss
of income, etc." as asserted in said unnumbered paragraph.

### PARTIES AND JURISDICTION

1.    Insofar as Paragraph 1 is intended to allege a collision between the
F/V REBECCA NICOLE and the PANORMOS, said allegation is denied. Bantel is
without knowledge or information sufficient to form a belief as to the truth of the
remaining allegations set forth in Paragraph 1 of the Complaint.

2.    Bantel admits the allegations set forth in the first sentence of Paragraph 2. The second sentence of Paragraph 2 sets forth a conclusion of law to which no response is required. In response to the third sentence of Paragraph 2, Bantel admits that it files this response pursuant to a letter of undertaking dated September 20, 2004, a copy of which is attached to the Complaint.

3.    Bantel denies that Marmaras Navigation Ltd. was or is the owner of the vessel PANORMOS. Bantel admits the remaining allegations set forth in Paragraph 3 of the Complaint.

4.    Bantel admits the allegations set forth in Paragraph 4, but denies that any collision occurred between the PANORMOS and the F/V REBECCA NICOLE and denies any allegations of liability with respect to any alleged maritime tort involving the F/V REBECCA NICOLE.

5.    Paragraph 5 contains conclusions of law to which no response is required.

6.    Bantel admits the allegations set forth in Paragraph 6 of the Complaint.

EVENTS

7.    Bantel is without knowledge or information sufficient to form a belief as to the location of the F/V REBECCA NICOLE as alleged in Paragraph 7 of the Complaint. Bantel admits that the M/V PANORMOS was in the waters of the Atlantic Ocean, east of Cape Cod, Massachusetts, on or about February 20, 2003. Bantel denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8.    Bantel admits that the log of the vessel PANORMOS reflects that the vessel was at the position stated at the time stated in Paragraph 8 of the Complaint.

9.    Bantel admits that the log of the vessel PANORMOS reflects that the vessel was at the position stated at the time stated in Paragraph 9 of the Complaint.

10.    Bantel admits the allegations set forth in Paragraph 10 of the Complaint.

11.    Bantel denies the allegations set forth in Paragraph 11 of the Complaint.

12.    Bantel denies that the M/V PANORMOS collided with the F/V REBECCA NICOLE.    Accordingly, Bantel denies the allegations set forth in Paragraph 12 of the Complaint.

13.    Bantel denies that the M/V PANORMOS collided with the F/V REBECCA NICOLE.    Accordingly, Bantel denies the allegations set forth in Paragraph 13 of the Complaint.

14.    Bantel denies that the M/V PANORMOS collided with the F/V REBECCA NICOLE.    Accordingly, Bantel denies the allegations set forth in Paragraph 14 of the Complaint.

15.    Bantel denies that the M/V PANORMOS collided with the F/V REBECCA NICOLE.    Accordingly, Bantel denies the allegations set forth in Paragraph 15 of the Complaint.

16.    Bantel denies that the M/V PANORMOS collided with the F/V REBECCA NICOLE.    Accordingly, Bantel denies the allegations set forth in Paragraph 16 of the Complaint.

17.    Bantel denies that the M/V PANORMOS collided with the F/V REBECCA NICOLE. Bantel is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding an engine breakdown as alleged in Paragraph 17 of the Complaint.

3

18.    Bantel denies that the M/V PANOMOS collided with the F/V REBECCA NICOLE and is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the fishing vessel's inability to maneuver. Bantel denies the remaining allegations set forth in Paragraph 18 of the Complaint.

19.    Bantel denies that the M/V PANOMOS collided with the F/V REBECCA NICOLE. Bantel admits that no radio communication occurred between the M/V PANOMOS and the F/V REBECCA NICOLE. Bantel denies the remaining allegations set forth in Paragraph 19 of the Complaint.

20.    Bantel denies that the M/V PANOMOS collided with the F/V REBECCA NICOLE.    Accordingly, Bantel denies the allegations set forth in Paragraph 20 of the Complaint.

21.    Bantel construes Paragraph 21 of the Complaint to refer to information contained in Exhibit 2 to the Complaint, and Bantel states that the exhibit speaks for itself. Bantel denies the allegations, as stated, in Paragraph 21 of the Complaint.

22.    Bantel states that it is without knowledge or information sufficient to form a belief as to whether or not Exhibit 2 to the Complaint is a complete and true and accurate copy of the alleged "FBI lab report," and Bantel denies that the M/V PANOMOS collided with the F/V REBECCA NICOLE.

23.    Bantel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24.    Bantel admits that Exhibit 3 is a copy of a statement made by a deck officer onboard the M/V PANORMOS, which speaks for itself. Bantel denies the remaining allegations set forth in Paragraph 24 of the Complaint.

4

25.    Bantel denies the allegations set forth in Paragraph 25, as stated.

26.    Bantel denies that the M/V PANORMOS collided with the F/V REBECCA NICOLE.    Accordingly, Bantel denies the allegations set forth in Paragraph 26 of the Complaint.

27.    Bantel denies the allegations set forth in Paragraph 27 of the Complaint.

28.    Bantel denies that the M/V PANORMOS collided with the F/V REBECCA NICOLE.    Accordingly, Bantel denies the allegations set forth in Paragraph 28 of the Complaint.

29.    Bantel denies the allegations set forth in Paragraph 29 of the Complaint.

30.    Bantel denies that the M/V PANORMOS collided with the F/V REBECCA NICOLE.    Accordingly, Bantel denies the allegations set forth in Paragraph 30 of the Complaint.

31.    Bantel denies that the M/V PANORMOS collided with the F/V REBECCA NICOLE.    Accordingly, Bantel denies the allegations set forth in Paragraph 31 of the Complaint.

32.    Bantel denies that the M/V PANORMOS collided with the F/V REBECCA NICOLE.    Accordingly, Bantel denies the allegations set forth in Paragraph 32 of the Complaint.

33.    Bantel denies the allegations set forth in Paragraph 33 of the Complaint.

34.    Bantel admits that Exhibit 4 is a true and accurate copy of the Letter of Undertaking provided to the plaintiff by the marine insurer of the M/V PANORMOS. Insofar as Paragraph 34 implies an admission by Bantel, Marmaras

5

Navigation, Ltd., or the vessel's insurer that the M/V PANORMOS collided with the F/V REBECCA NICOLE, Bantel denies that any such collision occurred. The Letter of Undertaking, a copy of which is attached to the Complaint as Exhibit 4, speaks for itself.

35.     Paragraph 35 of the Complaint sets forth a conclusion of law to which no response is required. Bantel denies that the M/V PANORMOS collided with the F/V REBECCA NICOLE.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

If any collision between the M/V PANORMOS and the F/V REBECCA NICOLE occurred, which is denied, then said collision was caused by the negligence by the F/V REBECCA NICOLE, her officers and crew, all within the privity or knowledge of the plaintiff and, as a result, the plaintiff can recover nothing therefor from Bantel, Marmaras Navigation, Ltd., or the M/V PANORMOS.

### SECOND AFFIRMATIVE DEFENSE

If any collision between the M/V PANORMOS and the F/V REBECCA NICOLE occurred, which is denied, then said collision was caused by the failure of the F/V REBECCA NICOLE, her officers and crew, all within the privity or knowledge of the plaintiff, to comply with applicable statutes and regulations pertaining to the safe and proper navigation of vessels, and, as a result, the plaintiff can recover nothing therefor from Marmaras or the M/V PANORMOS.

### THIRD AFFIRMATIVE DEFENSE

If any collision between the M/V PANORMOS and the F/V REBECCA NICOLE occurred, which is denied, then said collision was caused by the negligence,

6

acts, or omissions of persons over whom the defendants exercised no control and for whose conduct defendants are not legally responsible or answerable.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Insofar as plaintiff has failed to mitigate its damages, it can recover nothing therefore from the defendants in this action.

By its attorneys,

John J. Finn, BBO# 166060
FINN & FINN
34 Chamberlain Street
P.O. Box 154
Hopkinton, MA 01748
(508) 497-5019

DATED: June 9, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail by hand on _____.

_____
JOHN J. FINN

7